E-filing

ORIGINAL
FILED
NOV - 2 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

JW

1  Michael S. Agruss (SBN: 259567)
   Krohn & Moss, Ltd.
2  10474 Santa Monica Blvd., Suite 401
   Los Angeles, CA 90025
3  T: (323) 988-2400; F: (866) 802-0021
   magruss@consumerlawcenter.com
4  Attorneys for Plaintiff,
   MARYANNE KHOO
5

6               UNITED STATES DISTRICT COURT,
             NORTHERN DISTRICT OF CALIFORNIA,
7                    OAKLAND DIVISION

8  MARYANNE KHOO,                    )  Case No.: C09-05175
                                     )
9              Plaintiff,            )  COMPLAINT AND DEMAND FOR
                                     )  JURY TRIAL
10      v.                           )
                                     )  (Unlawful Debt Collection Practices)
11  HUNT & HENRIQUES,                )
                                     )
12             Defendant.            )
                                     )
13

14              **VERIFIED COMPLAINT**

15      MARYANNE KHOO (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the

16  following against HUNT & HENRIQUES (Defendant):

17

18                   **INTRODUCTION**

19  1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15*

20     *U.S.C. 1692 et seq.* (FDCPA).

21  2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection

22     Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

23  3. Defendant acted through its agents, employees, officers, members, directors, heirs,

24     successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers,

25     and attorneys.

//

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

8. Plaintiff is a natural person residing in Freemont, Alameda County, California.

9. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

11. Defendant is a company conducting business in San Jose, Santa Clara County, California.

**FACTUAL ALLEGATIONS**

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant leaves voicemail messages to Plaintiff and fails to disclose that the call is from a debt collector (See transcribed voicemail messages attached as Exhibit A).

- 2 -

14. Defendant failed to send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

    a.   Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    b.   Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    c.   Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the call is from a debt collector.

    d.   Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, MARYANNE KHOO, respectfully requests judgment be entered against Defendant, HUNT & HENRIQUES, for the following:

16. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

17. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

18. Actual damages,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

22. Defendant violated the RFDCPA based on the following:

   a.  Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

   b.  Defendant violated *§1788.11(e)* of the RFDCPA by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute a harassment to the Plaintiff.

WHEREFORE, Plaintiff, MARYANNE KHOO, respectfully requests judgment be entered against Defendant, HUNT & HENRIQUES, for the following:

23. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

24. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

- 4 -

1   25. Actual damages,

2   26. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection

3        Practices Act, *Cal. Civ Code § 1788.30(c)*, and

4   27. Any other relief that this Honorable Court deems appropriate.

5

6                          **DEMAND FOR JURY TRIAL**

7        PLEASE TAKE NOTICE that Plaintiff, MARYANNE KHOO, demands a jury trial in

8   this cause of action.

9                                    RESPECTFULLY SUBMITTED,

10  DATED:  October 12, 2009          KROHN & MOSS, LTD.

11

12                          By: _____

13                                    Michael S. Agruss
                                      Attorney for Plaintiff
14

15

16

17

18

19

20

21

22

23

24

25

                                    - 5 -

                          PLAINTIFF'S COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, MARYANNE KHOO, states as follows:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MARYANNE KHOO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 10 -13~09                          _____
                                         MARYANNE KHOO

- 6 -

PLAINTIFF'S COMPLAINT

**EXHIBIT A**

## KHOO V. H&H

Message is for Maryanne Khoo.  Sonya McFaren with the Law Office of Hunt & Henriques calling.  Please return a call to 1-888-233-9971.  When calling in, please reference file number 329760.

Message is for Maryanne Khoo.  Sonya McFaren with the Law Office of Hunt & Henriques calling.  Please return a call to 1-888-233-9971.  When calling in, please reference file number 329760.

Message is for Maryanne Khoo.  Sonya McFaren with the Law Office of Hunt & Henriques calling.  Please return a call to 1-888-233-9971.  When calling in, please reference file number 329760.